UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES of AMERICA, ) | |
| ) | Criminal No. |
| v. ) | 13-10228-FDS |
| ) | |
| YONGDA H. HARRIS, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER ON
MOTION TO TRANSFER JURISDICTION

**SAYLOR, J.**

Defendant Yongda Harris, now proceeding *pro se*, has filed a motion to transfer jurisdiction over him during the remaining term of his probation to the Central District of California.

In October 2012, Harris pleaded guilty to making a false statement on a customs form in violation of 18 U.S.C. § 1001. In early 2013, the U.S. District Court for the Central District of California sentenced him to five years of probation. In July 2013, jurisdiction over Harris was transferred from the Central District of California to the District of Massachusetts pursuant to 18 U.S.C. § 3605 upon the execution of a Probation Form 22.

Harris is now requesting a transfer of jurisdiction back to the Central District of California. In his motion, Harris indicates that he would like to pursue several motions that he contends must be filed in that district. He has also indicated to his probation officer that he would like to pursue studies at the University of California, Los Angeles.

The undersigned judge and the probation officer for the District of Massachusetts are willing to transfer jurisdiction. However, in a memorandum filed on January 22, 2016,

supervising probation officer Jeffrey R. Smith advised the Court that the probation office in the Central District of California had denied the transfer request on October 22, 2015.  That office denied the transfer request because Harris failed, among other things, to provide specific details about where he would live, work, and study if allowed to move to California.  According to the memorandum, Harris provided additional information about where he planned to live, but those plans had fallen through by December 2015.

Transfers of jurisdiction over probationers are governed by 18 U.S.C. § 3605, which states:

> A court, after imposing a sentence, may transfer jurisdiction over a probationer or person on supervised release to the district court for any other district to which the person is required to proceed as a condition of his probation or release, or is permitted to proceed, with the concurrence of such court.  A later transfer of jurisdiction may be made in the same manner . . . .

Thus, in order to complete a transfer of probationary jurisdiction back to California, the Central District of California must agree to accept the transfer from Massachusetts.

A probation officer's rejection of a transfer request is sufficient to indicate that the transferee court does not agree to a transfer of jurisdiction.  *See United States v. Votta*, 212 F. App'x 142, 143 (3d Cir. 2007).  The probation officer is an agent of the court, and thus the officer's rejection expresses the court's response to the request.  *Id.; see United States v. Stephens*, 424 F.3d 876, 880 (9th Cir. 2005) (holding that courts can "delegate to the probation officer the details of where and when the condition[s] [of probation] will be satisfied.").

The probation office in the Central District of California has stated that it will not accept the requested transfer, or at least not until Harris can provide sufficient details about his housing, educational, and employment plans in California.  Thus, the proposed transferee court has not consented to the transfer, and this Court cannot force such a transfer upon that district under

§ 3605.

Accordingly, the motion for transfer is DENIED without prejudice.

**So Ordered.**


|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated:  February 10, 2016 | United States District Judge |