**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                        )
**UNITED STATES of AMERICA,**               )
                                                        )          **Criminal No.**
                            **v.**                       )          **13-10228-FDS**
                                                        )
**YONGDA H. HARRIS,**                          )
                                                        )
                    **Defendant.**               )
_____)

**MEMORANDUM AND ORDER ON**
**DEFENDANT'S MOTION FOR EARLY TERMINATION OF PROBATION,**
**MOTION TO MODIFY PROBATION CONDITIONS, AND RELATED MOTIONS**

**SAYLOR, J.**

Defendant Yongda Harris, now proceeding *pro se*, has filed several motions, including a

motion to modify his probation conditions to allow him to travel to Japan (Docket No. 222), a

motion for early termination of his probation (Docket No. 225), a motion to compel and

subpoena evidence from the probation department (Docket No. 227), a renewed *ex parte* sealed

motion to authorize funds for legal assistance (Docket No. 237), and four motions for a hearing

(Docket Nos. 224, 228, 233, 240).  After holding a hearing on April 28, 2016, the Court took the

motions under advisement, and gave defendant an opportunity to file affidavits to supplement the

record.

For the following reasons, defendant's motions will be denied.

**I.**     **Background**

In October 2012, defendant pleaded guilty to making a false statement on a customs form

in violation of 18 U.S.C. § 1001.  In early 2013, the U.S. District Court for the Central District of

California sentenced him to five years of probation.  In July 2013, jurisdiction over defendant

was transferred from the Central District of California to the District of Massachusetts pursuant

to 18 U.S.C. § 3605.

All eight of defendant's motions relate, at least in some respect, to his renewed request to

travel to Japan in order to enroll in school.  The Court denied a similar request on July 7, 2015,

in a sealed memorandum and order.  (Docket No. 112).  The probation department objected to

that request, as well as his present renewal of the request.

## II.   <u>Analysis</u>

### A.   <u>Motion for Modification of Probation Conditions</u>

Defendant has moved for a modification of his probation conditions to allow him to

travel to Japan.  (Docket No. 222).  In its prior order denying defendant's earlier request, the

Court noted as follows:

> Normally, a defendant's efforts to pursue further education would be strongly
> encouraged by the Court.  However, his case presents some unique concerns,
> arising out of the circumstances of his offense.

> It is true, as defendant points out, that he was prosecuted for making a false
> statement in violation of 18 U.S.C. § 1001, not for possession of contraband.
> Nonetheless, the items that were in his possession when he returned to the United
> States from China and Japan on October 5, 2012, were genuinely horrifying.
> Those items included, among other things, information concerning Rohypnol and
> other date-rape drugs; various items (such as masks, a blindfold, handcuffs,
> condoms, a bone saw, and body bags) that could be used for purposes of
> kidnapping, imprisonment, rape, or murder; a "large volume of Japanese anime
> and manga graphically depicting the rape, molestation, and in some case sexual
> torture of children"; a live-action movie "containing extremely graphic footage of
> the purported kidnapping, repeated gang rape, mutilation, and sexual torture of
> young girls," culminating in their murder; multiple publications "instructing how
> to kill people"; bookmarks to various websites depicting graphically violent
> images, or offering the sale of items for kidnapping, killing, or hiding evidence;
> documents about Japanese schools, including the schedules showing when
> children arrived and left; and a list of "approximately two dozen remote, vacant
> plots of land in Japan" with "notations about the proximity of each plot to
> different junior high and high schools" and "descriptions of the remoteness and
> isolation of each vacant plot."  . . .

The summer institute that defendant has proposed to attend is open to individuals 15 years and older, subject to certain conditions.  Under the circumstances, the Court has serious concerns that defendant might pose a substantial danger to the community if he were permitted to travel to Japan.

The Court also notes that although defendant is currently in compliance, his initial adjustment to supervision was poor.  The Court does not believe that defendant has demonstrated a degree of compliance over a sustained period of time that would support extended travel to Japan for nearly two years.  While in Japan, he would not be subject to periodic home inspections and in-person assessments, and would essentially be unsupervised.

(July 7, 2015 Memorandum and Order at 1-2).  The Court further indicated that it would permit defendant to renew his motion in one year, at which point the Court would consider whether changed circumstances would warrant a different result.

The Court has considered the statements of defendant at the April 28 hearing, as well as the multiple affidavits submitted by defendant and his supporters subsequent to the hearing. While those affidavits include a variety of positive statements concerning defendant, they either do not address the Court's concern about the risk to public safety, or seek to minimize it on the ground that the items in defendant's possession were all legal or otherwise not a matter of concern.  Defendant himself has adopted a similar position, essentially contending that the items in question were legal to own or possess; that he has no history of violence; and that the issue of dangerousness has been exaggerated or blown out of proportion.

The Court does not share the sanguine views of Mr. Harris and his supporters as to the significance of the items.  It may be technically true that (for example) cartoon depictions of the sexual torture of children are legal.  But they are nonetheless deeply disturbing.  And there is nothing in the record to suggest that defendant acknowledges that any psychological issue may exist; that he is contrite or remorseful; that he is currently being evaluated or treated for sexual dangerousness or any other issue relating to the seized items; or even that he is willing to be so treated.  This apparent state of denial, and/or unwillingness to acknowledge and confront his

3

issues, does not provide any reassurance to the Court that defendant can be permitted to travel to the very country where his fantasies (if they were fantasies) appear to have been focused.  And while defendant submitted an affidavit from Dr. John Cusack, a licensed psychologist, Dr. Cusack simply agreed to "maintain regular contact with him at his expense, while he is attending school in Japan."  Notably, Dr. Cusack did not indicate that he has performed a diagnosis or is even aware of any potential issue concerning defendant's sexual dangerousness.

Accordingly, the Court is not persuaded that circumstances have materially changed such that defendant can be permitted to attend school, unsupervised, in a foreign country, outside the jurisdiction of probation and the federal courts.  The motion for modification will therefore be denied.

### B.     Motion to Compel and Subpoena Evidence

Defendant has moved to compel and subpoena evidence from the probation department. (Docket No. 227).  Specifically, defendant contends that probation should provide him with its reasons for objecting to his proposed travel.  During the April 28 hearing, the Court provided defendant with a copy of a memorandum from probation that detailed those reasons.  That motion will accordingly be denied as moot.

### C.     Motion for Early Termination of Probation

Defendant has moved for an early termination of his probation.  (Docket No. 225).  For the reasons stated above, the Court does not believe that an early termination of probation is appropriate, and that motion will likewise be denied.

### D.     Sealed Motion to Authorize Funds for Legal Assistance

Defendant has moved, *ex parte* and under seal, for the Court to authorize funds to assist him in litigating this matter.  (Docket No. 237).  The Court denied a similar motion on April 29,

2016.  (Docket No. 236).  The Court at different times has appointed five different lawyers (Inga Parsons, Stylianus Sinnis, James Krasnoo, Jessica Hedges, and Tracy Miner) to represent defendant.  All sought to withdraw, or defendant asked them to withdraw, based on a breakdown in the relationship and an inability to work effectively with defendant.  Under the circumstances, the Court sees no reason to expend additional taxpayer resources on further legal assistance for defendant, who is obviously intelligent and capable of raising issues with the Court.  The motion will accordingly be denied.

### E.    Motions for Hearing

Defendant has filed four motions requesting an evidentiary or other hearing.  (Docket Nos. 224, 228, 233, 240).  To the extent that the motions sought an opportunity to appear in Court before the undersigned judge, they will be denied as moot.  To the extent that the motions seek an evidentiary hearing, or a further opportunity to address the Court, they will be denied.

## III.   Conclusion

For the foregoing reasons, defendant's pending motions (Docket Nos. 222, 224, 225, 227, 228, 233, 237, 240) are DENIED.

**So Ordered.**


/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:  May 6, 2016                   United States District Judge